## ATTACHMENT B

### Particular Things to Be Seized

1. Any and all controlled substances;

2. Controlled substance paraphernalia;

3. The means and instrumentalities utilized in the possession, dilution, or distribution of illegal narcotic drugs, including but not limited to adulterants, diluents, packaging, plastic bags, manila envelopes, strainers, measuring spoons, scales, grinders, weights, etc.;

4. All evidence of narcotics and controlled substance use, transportation, possession or distribution, including records, papers, ledgers, tally sheets, stored electronic communication devices, cellular telephones, digital video recorders, telephone numbers of customers, suppliers, or couriers; other papers, and controlled substance proceeds of said narcotics distribution or evidence of conversion of said proceeds such as records, use of nominees, bank accounts, wire transfers, money orders, cashier checks, safety deposit box records, and keys;

5. Any and all proceeds of narcotics trafficking to include prerecorded funds or other funds used or intended to be used to facilitate narcotics trafficking;

6. Any and all firearms, ammunition, magazines, or gun cases;

7. Records and documents relating to the purchase, sale, use, possession, and maintenance of firearms;

8. Firearm parts, firearm building supplies, and tools for manufacturing firearms;

9. Records that could reflect names, nicknames, addresses, and telephone numbers of both current and past narcotics and firearms associates;

10. Any and all firearms and ammunition or firearms related material, and documents/photographs related to firearm ownership or possession;

11. Any and all documents related to residency or occupancy at the Target Residence;

12. Evidence of the Target Offenses found on cellular or mobile telephones or devices owned by or associated with Nathanael WILSON, including:

   a. Global Positioning System (GPS) data indicating the location of the devices;

   b. Digital photographs or video files depicting narcotics or firearms;

   c. Electronic communications including but not limited to email, text messages, multimedia messages, and communications through social media networks and apps relating to the possession, purchase, or transfer of firearms and/or narcotics;

   d. Records documenting incoming and outgoing phone calls, text messages, and email;

   e. Lists, records, notes, or similar files documenting the possession of or transactions involving firearms and/or narcotics as well as information identifying individuals involved in those transactions;

   f. Audio files including voicemail messages or chats relating to narcotics or firearms;

   g. Evidence of user attribution showing who used or owned the devices at the time items and records described in this warrant were created, edited, or deleted, such as phone calls, internet searches, photos and videos;

   h. Records of things evidencing the use of the internet, including;

      i. Records of Internet Protocol (IP) addresses used; and

      ii. Records of internet activity, including firewall logs, caches, browser history and cookies, bookmarked or favorite webpages, search terms that the user entered into any

internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.